UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY SEAL                                                   CIVIL ACTION

VERSUS                                                       NUMBER: 16-10883

WASHINGTON PARISH                                            SECTION: "R"(5)
SHERIFF'S DEPT., ET AL.

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the presiding District Judge (rec. doc. 25), presently before the Court are the motions to dismiss of Defendants, Governor John Bel Edwards and the Louisiana Department of Public Safety and Corrections ("LDPSC"). (Rec. docs. 15, 16). Although Plaintiff has twice attempted to respond to one or both of the motions to dismiss (rec. doc. 17, 21), his responses were deemed to be deficient by the Clerk's Office (rec. docs. 18, 22) and Plaintiff has not, to date, corrected the filing deficiencies. For the reasons that follow, it is recommended that Defendants' motions be granted and that this matter be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

*Pro se* Plaintiff, Barry Seal, filed the above-captioned complaint against the following Defendants: the Washington Parish Sheriff's Department; the Louisiana Departments of Public Safety and Corrections, Transportation and Development, and Commerce; the "Legislature"; the "Office of the Governor"; and "… their administrators, respectively." (Rec. doc. 3, p. 1). Plaintiff alleges that LSA-R.S. 32:197 (A) and (B)[1], which mandates that persons operating a bicycle upon a roadway use the right side of the roadway to the extent practicable and with certain exceptions, "… violates Louisiana Constitution Article I Section

---

[1] Paragraph "B" of R.S. 32:197 was repealed by Acts 2011, No. 244, §3 of the Louisiana Legislature.

12 freedom from discrimination by compromising bicyclists['] equal rights to personal security against injury." (*Id.* at p. 3).  Plaintiff further alleges that the named Defendants "… have participated in the protracted deliberate ongoing discrimination by refusing to take measures to address amendment/correction of the above Title 32 Section 197(A) [and] (B)." (*Id.*).  Seal appears to seek an unspecified amount of damages "… and restoration of [the] right to him to resume use of the left lane shoulder of La. Highway infrastructure for bicycle transit." (*Id.* at p. 6).  Plaintiff was previously granted leave to initiate this matter *in forma pauperis* pursuant to 28 U.S.C. §1915.  (Rec. doc. 6).

By way of their respective motions, the Governor first argues that Plaintiff's lawsuit should be dismissed as to the named State Defendants under Rule 12(b)(1), Fed. R. Civ. P., based on the sovereign immunity that said Defendants enjoy.  (Rec. doc. 15).  The Governor further argues that Plaintiff's complaint otherwise fails to state a claim upon which relief can be granted and is thus subject to dismissal under Rule 12(b)(6), Fed. R. Civ. P.  (*Id.*).  For its part, the LDPSC argues that Plaintiff's lawsuit should be dismissed pursuant to §1915(e)(2)(B) and Rule 12(b)(6) as he has failed to allege a violation of a recognized constitutional right and that none of the named Defendants are amenable to suit under 42 U.S.C. §1983.  (Rec. doc. 16).

As noted above, Plaintiff was previously granted leave to proceed *in forma pauperis* in this matter.  With respect to such matters, federal law provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> \* \* \* \* \* \* \*
> (B) the action or appeal –
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted;
>        or

2

> (iii) seeks monetary relief against a defendant
> who is immune from such relief

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making the determination whether a claim is frivolous, the Court possesses "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883, 115 S.Ct. 220 (1994).

On the other hand, a complaint fails to state a claim on which relief may be granted when a plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(citation, footnote, and quotation marks omitted). In other words, the appropriate standard is whether the facts pleaded by Plaintiff have sufficient facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Preliminarily, the Court notes that Plaintiff's complaint in the instant matter runs afoul of the requirements of Rule 8(a)(1), Fed. R. Civ. P., which states that such a pleading "… must contain … a short and plain statement of the grounds for the court's jurisdiction …" Plaintiff does not allege, nor can he, that he and the named Defendants are residents of different states for purposes of diversity jurisdiction under 28 U.S.C. §1332. Although Plaintiff alleges that the challenged State statute violates Article I, §12 of the Louisiana

Constitution, he cites no similar provision "… arising under the Constitution, laws, or treaties of the United States" in an attempt to establish federal question jurisdiction under 28 U.S.C. §1331.  Construing Plaintiff's lawsuit as having been brought under 42 U.S.C. §1983, as the moving Defendants have, there are two essential elements to such an action:  (1) the conduct in question must be committed by a person acting under color of state law; and, (2) the conduct must deprive the plaintiff of a right secured by the Constitution or laws of the United States.  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, __ U.S. __, 134 F.3d 1935 (2014).  Moreover, the Fifth Circuit has held that a "… sheriff's office [or sheriff's department] is not a legal entity capable of being sued …" under §1983.  *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Walker v. Iberia Parish Sheriff Dept.*, No. 06-CV-2192, 2007 WL 2127706 at *1 (W.D. La. June 25, 2007).  In light of these authorities, it will be recommended that Plaintiff's claim against the Washington Parish Sheriff's Department be dismissed as frivolous under §1915(e)(2)(B)(i) as being based upon a wholly meritless legal theory.

The remaining Defendants are all agencies or departments of the State and officials employed by the State.  In that regard, the law is clear that the Eleventh Amendment bars citizens' suits in federal court against States, their departments, and State officials acting in their official capacity.[2/]  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986));

---

[2/] In addition, neither States, their departments, nor State officials are considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  As for the collective members of the Louisiana Legislature, not only are such officials entitled to Eleventh Amendment immunity, but absolute legislative immunity as well.  *Hall v. Louisiana*, 974 F.Supp. 2d 944, 952-57 (M.D. La. 2013)(and cases cited therein).

*Johnson v. Dept. of Pub. Safety and Corr.*, No. 09-CV-0120, 2009 WL 382524 at *2 (E.D. La. Feb. 12, 2009). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 20016). With these ample authorities in mind, it will also be recommended that Plaintiff's claims against all Defendants other than the Washington Parish Sheriff's Department be dismissed for want of jurisdiction.[3]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motions be granted and that Plaintiff's claims against the Washington Parish Sheriff's Department be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

It is further recommended that Plaintiff's claims against the remaining Defendants be dismissed without prejudice for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[3] Even if the Court were free to review the merits of Plaintiff's claims, it would still recommend that relief be denied. Liberally construing Plaintiff's complaint as presenting an equal protection claim under the Fourteenth Amendment, the cornerstone of such a claim is the requirement that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985). The statute challenged by Plaintiff contains no such infirmity as it treats all persons desirous of operating a bicycle on the State's roadways the same. Moreover, even if the Court were to presume the existence of a constitutional right of intrastate travel, that right would not extend to a particular mode of travel much less the direction of that travel. *See Wherrett v. Doyle*, 456 F.Supp. 203, 205 (D. Neb. 1978).

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this __5th__ day of _____January_____, 2016.

                                                      MICHAEL B. NORTH
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

6